UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN LESTER,

                    Plaintiff,

         -against-

THE CITY OF NEW YORK, Police Officer
JOHN and JANE DOE ONE through TEN in their
individual and official capacities as employees
of the City of New York,

               Defendants.
------------------------------------------------------------X

FILED
CLERK

2016 MAY -4  PM 1:31

U.S. DISTRICT COURT
EASTERN DISTRICT

**COMPLAINT AND
JURY DEMAND**

# CV 16- 02231

## CHEN, J.

### SCANLON, M.J.

      The Plaintiff, KEVIN LESTER, by his attorney, The Rameau Law Firm,

alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth and Fourteenth

Amendments of the United States Constitution, Article I Sections 6, 11, and 12

of the Constitution of the State of New York, and the common law of the State

of New York, against the police officers mentioned above in their individual

capacities, and against the City of New York.

      2.    It is alleged that the individual police officer defendants made an

unreasonable seizure of the person of plaintiff, violating his rights under the

Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

and that these defendants assaulted and battered plaintiff. It is further alleged

that these violations and torts were committed as a result of policies and customs of the City of New York.

       3.      Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

       4.      Plaintiff filed a Notice of Claim on or about December 23, 2014.

       5.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

       6.      This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

       7.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367.  Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

       8.      Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

       9.      Plaintiff KEVIN LESTER ("plaintiff" or "Mr. Lester") and of proper age to commence this lawsuit.

10.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     At all times relevant defendants John and Jane Doe One through Ten were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Ten.

12.     At all times relevant herein, defendants John and Jane Doe One through Ten were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe One through Ten are sued in their individual and official capacities.

13.     At all times relevant herein, defendants John and Jane Doe One through Ten either directly participated or failed to intervene in the violation of plaintiff's rights.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

15.     The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the

appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

16.   The City was at all material times the public employer of defendant officers named herein.

17.   The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

18.   Plaintiff is an African-American male.

19.   At the time of this incident plaintiff was seventeen years old.

20.   On or about September 5, 2014, at approximately 7:00 pm, plaintiff was in the area of Lincoln Place and Buffalo Avenue in Brooklyn when plaintiff encountered an acquaintance who offered plaintiff a ride.

21.   Soon after plaintiff entered the car, several police vehicles surrounded the car and officers, who had their guns drawn, ordered plaintiff and the driver to put their hands up and to get out.

22.   Plaintiff complied.

23.   Once plaintiff exited the car, defendant officer JOHN DOE slammed plaintiff to the ground and handcuffed plaintiff.

24.   The officers searched plaintiff and recovered no weapons or contraband.

25.   The defendant officers claimed to have found a number of items inside the vehicle.

4

26.   Plaintiff was then taken to the 77th Precinct and later to Brooklyn Central Booking.

27.   All charges against plaintiff were false and the District Attorney's office declined to prosecute the same.

28.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

29.   Defendants employed unnecessary and unreasonable force against the plaintiff.  Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.   The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

30.   The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.  All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

31.   At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that

would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

32. All of the above was done in violation of state and federal law.

33. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

34. The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

35. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    ii. Loss of his physical liberty;

36. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

    i. Freedom from the unreasonable seizure of his person;

    ii. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FIRST CLAIM
### Unlawful Stop and Search

37.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

39.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

40.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

42.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

45.    Plaintiff was conscious of his confinement.

46.    Plaintiff did not consent to his confinement.

47.    Plaintiff's confinement was not otherwise privileged.

48.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### State Law Assault and Battery

50.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

52.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

53.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FIFTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of
### Employment Services

54.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar

circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

56.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

57.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

58.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

59.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Intentional Infliction of Emotional Distress

60.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

9

62.    The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

63.    Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

64.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

65.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66.    By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

67.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

68.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

69.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
**Failure To Intervene**

70.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

73.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CLAIM
***Monell***

74.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.    This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

76.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

77.    The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

78.    The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

79.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

80.    These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff requests that this Court:

(a)     Award compensatory damages against the defendants, jointly and severally;

(b)     Award punitive damages against the individual defendants, jointly and severally;

(c)     Award costs of this action to the plaintiff;

(d)     Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e)     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:     May 3, 2016
           Brooklyn, New York

                              Amy Rameau, Esq.

                              The Rameau Law Firm
                              16 Court Street, Suite 2504
                              Brooklyn, New York 11241
                              Phone: (718) 852-4759
                              rameaulawny@gmail.com

                              *Attorney for Plaintiff*

TO:       All  Defendants
          Corporation Counsel of the  City of New York

13